People v Pica-Torres (2024 NY Slip Op 02345)

People v Pica-Torres

2024 NY Slip Op 02345

Decided on May 2, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 2, 2024

112498
[*1]The People of the State of New York, Respondent,
v
Wilfredo Pica-Torres, Appellant.

Calendar Date:March 25, 2024

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Paul J. Connolly, Delmar, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Lynch, J.
Appeals (1) from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered August 30, 2019, upon a verdict convicting defendant of the crimes of murder in the second degree, attempted murder in the second degree and arson in the first degree, and (2) from a judgment of said court, rendered August 30, 2019, upon a verdict convicting defendant of the crime of arson in the second degree.
Defendant was charged by indictment with several crimes related to two house fires that occurred in the City of Binghamton, Broome County on February 9, 2019. Following a jury trial, defendant was convicted of murder in the second degree, attempted murder in the second degree, and arson in the first degree relative to one of the fires, and arson in the second degree relative to the other fire. He was sentenced, as a second felony offender, to concurrent prison terms of 25 years to life on the murder and first degree arson convictions, to run consecutively with prison terms of 25 years, with five years of postrelease supervision, on the attempted murder conviction and 20 years, with five years of postrelease supervision, on the second degree arson conviction, with these two sentences also running consecutively to one another. Defendant appeals.
During oral argument on this appeal, it came to our attention that the Chief Assistant District Attorney (hereinafter ADA) arguing the appeal on behalf of the People had been the confidential law clerk to the trial judge who presided over this matter and served in this capacity at the time of the underlying trial. Defense counsel raised an initial concern that, due to the ADA's prior position, she had a conflict of interest precluding her from representing the People on appeal. This Court permitted oral argument to proceed on the merits, but gave the parties two weeks to file postargument submissions addressing this issue. The parties' postargument submissions have been received by the Court and defense counsel no longer objects to the ADA participating on the appeal. The ADA, for her part, asserts that there is no conflict of interest — actual or perceived — that disqualifies her from appearing in the matter, emphasizing that she is obliged not to "take advantage, to a defendant's prejudice, of any facts outside the record when preparing [the People's] briefs and arguing before the Court." We conclude, however, that the ADA has a conflict of interest disqualifying her from appearing on behalf of the People in this case.
Rule 1.12 of the Rules of Professional Conduct (22 NYCRR 1200.0) — applicable to all lawyers in this State — addresses "[s]pecific conflicts of interest for former judges, arbitrators, mediators or other third-party neutrals" and mandates that "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as . . . a law clerk to a judge" unless written consent has been provided by all parties (Rules of Prof Conduct [22 NYCRR [*2]1200.0] rule 1.12 [b] [2]). The People did not receive — or even seek — written consent from defendant waiving this conflict before the ADA appeared for the People and argued the appeal.[FN1] As such, defense counsel's qualified written waiver of the conflict — i.e., that defendant does "not object to this situation at this time" (emphasis added) — made after the appeal was already argued, is inoperative.
We recognize that the appellate brief submitted on behalf of the People was written by a different ADA who does not have a conflict of interest. However, under the Rules of Professional Conduct, "[w]hen a lawyer is disqualified from representation under [rule 1.12], no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such matter unless" certain actions are "promptly and reasonably" undertaken, including the "implement[ation] [of] effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer[ ] and others in the firm" (Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.12 [d] [1]). By the ADA's very participation on the appeal, it is evident that the required screening procedures were not undertaken. As the entire District Attorney's office is disqualified from representing the People on this appeal (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.12 [d] [1]), we will withhold decision and remit the matter to County Court for the expeditious appointment of a special prosecutor to handle this appeal (see County Law § 701 [1]; People v Oakley, 104 AD3d 1059, 1060 [3d Dept 2013]).
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The rule only prohibits an attorney from representing a client in a matter when he or she participated "personally and substantially" in the matter as a law clerk. The ADA has not directly revealed whether she had this level of involvement while she was a law clerk to the trial judge who presided over the matter. At the same time, she has not denied that she did and, tellingly, failed to even address the question of her involvement. In the exercise of judicial economy and the interest of caution, we will proceed under the presumption that the ADA was substantially involved in this matter as a law clerk.