People v Butts (2024 NY Slip Op 03567)

People v Butts

2024 NY Slip Op 03567

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

112910
[*1]The People of the State of New York, Respondent,
v
Jalil A. Butts, Also Known as J-Dot, Appellant.

Calendar Date:February 21, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Kathy Manley, Selkirk, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann R. Parry of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered December 13, 2019, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and assault in the second degree.
Defendant was charged by indictment with attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree in connection with the March 2019 shooting of his cousin (hereinafter the victim). The People alleged that defendant and Antonio M. Jones, acting in concert with one another, shot the victim with a firearm while intending to shoot another individual. Although defendant and Jones were originally charged separately, County Court granted a motion to consolidate the indictments. Following a joint jury trial, defendant was acquitted of the attempted murder charge and convicted of the remaining counts. He was sentenced to concurrent prison terms of 10 years, with five years of postrelease supervision, on the possession conviction and five years, with three years of postrelease supervision, on the assault conviction. Defendant appealed, and this Court affirmed the conviction (226 AD3d 1089 [3d Dept 2024], lv denied ___ NY3d ___ [May 31, 2024]).
Defense counsel thereafter learned that the Chief Assistant District Attorney (hereinafter ADA) who argued the appeal on behalf of the People was the confidential law clerk to the trial judge who presided over this matter and served in this capacity at the time of the underlying trial. By motion returnable June 3, 2024, defendant moved to vacate our prior determination and sought the appointment of a special prosecutor, arguing that the ADA had a conflict of interest under Rule 1.12 of the Rules of Professional Conduct (22 NYCRR 1200.0) disqualifying her from representing the People on appeal (see People v McNealy, ___ AD3d ___, 2024 NY Slip Op 02728 [3d Dept 2024]; People v Pica-Torres, ___ AD3d ___, 2024 NY Slip Op 02345 [3d Dept 2024]). The ADA maintained that she did not have a conflict of interest because she was not "personally and substantially" involved in this matter as the trial judge's law clerk, revealing that her involvement consisted of drafting County Court's decision and order on defendant's omnibus motion as well as the decision and order on the prosecutor's motion for consolidation of the separate indictments filed against defendant and the codefendant (Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.12 [b] [2]). We have determined that the ADA's involvement in this matter as the trial judge's law clerk was personal and substantial (see Matter of Coleman, 69 AD3d 846, 848 [2d Dept 2010]; NY St Bar Assn Comm on Prof Ethics Op 748 [2001]; NY St Bar Assn Comm on Prof Ethics Op 638 [1992]; Roy Simon, Simon's New York Rules of Professional Conduct Annotated, rule 1.12 [b] at 904 [2023]; see also ABA Model Rules of Prof Conduct rule 1.12 Comment [1] [2018]; ABA Comm on Ethics & Prof Responsibility [*2]Formal Op 342 [1975]). Moreover, defendant did not provide written informed consent waiving the conflict and the required screening procedures were clearly not undertaken "to prevent the flow of information about the matter between the personally disqualified lawyer and the others in the [District Attorney's office]" (Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.12 [d] [1] [ii]). As such, by separate order issued simultaneously herewith, we granted the motion to vacate (see CPLR 2221 [e] [2], [3]). In light of our determination on the motion, the decision on appeal is being withheld and the matter remitted to County Court for the expeditious appointment of a special prosecutor (see People v McNealy, 2024 NY Slip Op 02728 at *1; People v Pica-Torres, 2024 NY Slip Op 02345 at *1-2).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.